UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY COSTER, <br>     Plaintiff/Movant, <br>                vs. <br> HARRELL WATTS, et al., <br>     Defendants. | Civ. case. No. 03-25 Erie <br><br> Plaintiff's Motion to Reopen <br> Judgment per Rule 60(b) |

### Plaintiff's Motion to Open Judgment

**Comes Now,** Tony Coster, Plaintiff pro se to respectfully request this Honorable Court reopen its Order granting Defendant's Motion to Dismiss, for the following reasons that justify relief from that judgment.

Procedural History

1) On 1/21/2003 Coster filed his Original Complaint with this Court that alleged the Defendants violated his Constitutional rights and that their negligence caused him to suffer personal injury via the Tort Claims Act.

2) Defendants moved to dismiss the cause of action before Coster was permitted sufficient time to conduct an intitial round of discovery.

3) On 2/24/2005, the Magistrate entered a Report and Recomendaion that the §1983 claim be dismissed, but no mention of the Tort Claim was addressed.

4) On 3/18/2005, Judge Mclaughlin adopted that Report and dismissed the claim, without addressing the Tort Claim.

5) A premature "Notice of Appeal" was filed by mistake causing some procedural confusion relating to the unaddressed Tort Claim issue(See Third Circuit case No. 05-2001).

1

6) The Third Circuit is currently addressing the question of whether Coster should pay the docketing fee, eventhough Coster sought to "voluntarialy withdrwaw" his appeal, in light of the unresolved Tort Claim issue.

7) Coster believes this Court may address the judgment and grant Coster relief from that judgment to permit the district court an opportunity to adjudicate the Tort Claim.

Argument of Law

Rule 60(b) requests for relief of jugdments are appropriate to ensure the fair administration of justice. See Farm Credit Bank v. ferrera-Goitia, 316 F3d 62(1st Cir 2003)(Motions for relief from judgment seeks to balance the importance of finality against the desirability of resolving disputes on the merits). Coster does not request a reconsideration of the merits regarding the §1983 claim, but believes the Court was deceived and manipulated by the government with respect to the FTCA "Tort Claim" that was not discussed in that final judgment. As such, it cannot be said that the jugdment addressed all issues presented at the district court level. The following citations to the record any recently obtained evidence will firmly establish that a fraud was committed upon the Court.

Coster directs the Court's attention to the Government's Motion to Dismiss Parts E and F whereby they allege that Coster may not pursue the FTCA claim based on his apparant "failure to exhaust the administrative remedies". Not only did the Govenment attorny, Mrs. ellen Fitzgerald affirm this untrue statement but a sworn affidavit

2

from an employee of the Regional F.B.O.P. Office, Mrs. Diana J. Lee, also advises the Court that Coster's revised Tort Claim had not yet been exhausted(see Declaration with EX. G-J; verified Pleading of Ms. Fitzgerald, p. 17 M to Dismiss). Both of their sworn statements were attested to on 1 June 2004 whereby they both conspired to mislead and misrepresent this Court on the validity of Coster's Tort claim.

    The Court obviously relied on Ms. Lee's and Mrs. Fitzgerald's statements when the FTCA was omitted and discounted in the R & R. The final order adopting the R & R makes no mention of the FTCA claim, presumbably by relying on those two affirmations that Coster had procedural defaulted the FTCA. Newly obtained evidence proves that Coster did, in fact, have a valid Tort Claim completed. On 22 May 2005, Coster realized that the FTCA records were incomplete and that the time for the Government to respond had long past, so he therefore sent a letter to the Northeastern regional Office, where Ms. Lee is employed, to inquire about the revised Tort action. Attached, hereto, is the document sent to Coster that shows the Tort claim was, in fact, denied on **10 May 2004**(App. p. 1). Yet, both government employees swear, on 1 June 2004, that no such resolution exists. Coster request this Court to note that the bottom page fails to "CC" Mr. Coster and only sends a copy to two defendants of the FBOP.

    Coster requests that this Court review this new factual claim that th Government committed a fraud, misrepresentation and intentionally sought to decieve the true facts of the Tort claim. Thus creating grounds to reopen the judgment regarding the FTCA action.

Additionally, Coster requests that this Court keep in mind that he is a non-lawyer suffering from a very dangerous and progressive cancer which requires a steady regime of chemotherapy with medicenes to relieve the attendant pain which seriously impairs his cognitive thinking and ability to keep current with these complex court actions. As such, the medical complications of his cancer treatment should serve to excuse any possible procedural default that may exist to this new discovered proof of fraud upon the Court.

Because Coster has now presented clear and convincing evidence that the Government obtained a favorable verdict and dismissal of the FTCA claim based on a fraudulent misrepresentation that Coster failed to "exhaust his administrative remedies", the judgment should be vacated, discovery permitted and new trial schedule established. See first nat'l Bank of Louisville v. Lustig, 832 FS 1058(1993); and deWitt v. Firstar Corp., 904 FS 1476(ND Iowa 1995). The withholding of critical material evidence and subsequent claims that the evidence does not exist, interferred with Coster's right to have all claims resolved at the district court, thus making any "notice of Appeal" prematurely filed and to be rendered moot.

**Wherefore,** Tony Coster, Plaintiff, earnestly prays that the Court shall grant him relief from the judgment and reopen the district court proceeding to fully and fairly address the FTCA action.

Dated: 9-20-05    Signed: _____
Tony Coster
POB 4000 FMC 10-2
Rochester MN 55903
#31805-060

4

UNITED STATES GOVERNMENT

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** May 10, 2004

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. TRT-NER-2004-00857

**TO:** Tony Coster, Reg. No. 31805-060
FMC Rochester

Your Administrative Tort Claim, No. TRT-NER-2004-00857, properly received in this office on December 8, 2003, has been considered for settlement as provided by the Federal Tort Claims Act, 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $6,000,000.00 for an alleged personal injury. Specifically, you claim staff at the Federal Correctional Institution (FCI), McKean, Pennsylvania, failed to properly diagnose your cancer for three years, resulting in your terminal condition.

After careful review of this claim, I have decided not to offer a settlement. Investigation reveals you arrived at FCI McKean with a history of right inguinal hernia since 1993. On October 19, 2001, you first complained your hernia was getting larger. A hernia belt was provided. Your condition continued to be monitored and surgery was denied on two occasions because the hernia was reducible and pre-existing since 1993. You were provided pain medication, placed on work and sports restriction and approved for a lower bunk. On February 10, 2003 you were examined by a surgeon who recommended exploration and repair surgery. You underwent hernia surgery on March 13, 2003, at which time an unusual tumor structure was discovered. Tests revealed you have a very rare type of cancer. You were transferred to a medical facility for continued treatment. The medical record indicates you received appropriate medical treatment for the complaints you presented, consistent with community standards. You fail to show you have experienced a personal injury as the result of negligence on the part of any Bureau of Prisons' employee.

Accordingly, your claim is denied. If you are dissatisfied with this decision, you may seek reconsideration from this office or bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

cc: James F. Sherman, Warden, FCI McKean
    Constance Reese, Warden, FMC Rochester



ACKNOWLEDGMENT OF RECEIPT

DENIAL OF TORT CLAIM

I, Tony Coster, Reg. No. 31805-060, hereby acknowledge receipt this 25th day of June, 2004, of the May 10, 2004, memorandum from Henry J. Sadowski, Regional Counsel, Northeast Region, Federal Bureau of Prisons, informing me of the denial of my administrative tort claim (TRT-NER-2004-00857).

_____
Signature

_____
Witnessed this 25th day of June, 2004.

_____
Staff Witness

COPY

2

```
FROM:   Tony Coster #31805-060                    22 May 2005
        POB 4000   FMC
        Rochester  MN  55903

TO:     Northeast Regional Office of the FBOP
        US Custom House   7th Floor
        2nd and Chestnut Street
        Philepdephia PA   19106

RE:     Tort action    Claim #TRT-NER-2004-00857
```

The above Tort was to be adjudicated by June 5, 2004. I have not received any findings.

Please send any and all FBOP responses to me at the above address.


Sincerely,

*Tony Coster*

Tony Coster

DATE RECLIVED
MAY 26 2005
BOP REGIONAL COUNSEL
PHILADELPHIA, PA

5/26/05
Copy of response & acknowledgment
mailed from NERO to Coster

1

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY COSTER, | ) |
|         Plaintiff, | ) Civil Action No. 03-25 E |
| | ) Hon. Sean J. McLaughlin, U.S.D.J. |
| | ) Hon. Susan Paradise Baxter, |
| | ) U.S.M.J. |
|         v. | ) |
| | ) |
| HARRELL WATTS, et al., | ) |
| | ) |
|         Defendants. | ) |

### DECLARATION OF DIANA JACOBS LEE

DIANA JACOBS LEE declares as follows pursuant to 28 U.S.C. § 1746:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as an Assistant Regional Counsel at the Northeast Regional Office in Philadelphia, Pennsylvania. I have held this position since June, 2003. I make this declaration in support of defendants' motion to dismiss plaintiff's complaint or, in the alternative, for summary judgment, based upon personal knowledge and my review of records maintained by the BOP.

2. Attached hereto as Exhibit G is a true and correct copy of plaintiff's administrative tort claim, dated November 14, 2003.

3. Attached hereto as Exhibit H is a true and correct copy of a letter, dated November 26, 2003, from the BOP Regional Counsel to plaintiff.

4. Attached hereto as Exhibit I is a true and correct copy of plaintiff's revised administrative tort claim.

5. Attached hereto as Exhibit J is a true and correct copy of a letter, dated December 17, 2003, from the BOP Regional Counsel to

4

plaintiff.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2004.

*Diana Jacobs Lee* /pp
DIANA JACOBS LEE

5



U.S. Department of Justice

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House - 7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

December 17, 2003

Tony Coster, Register No. 31805-060
Federal Medical Center - Rochester
P.O. Box 4000
Rochester, MN 55904-4000

Re: Administrative Tort Claim Dated November 14, 2003
    Claim No. TRT-NER-2004-00857

Dear Mr. Coster:

This will acknowledge receipt on December 8, 2003, of your administrative tort claim for alleged personal injury suffered at FCI McKean.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C. 2675, we have six months from the date of receipt to review, consider, and adjudicate your claim. Accordingly, you may expect to hear from us on or before June 5, 2004.

All correspondence regarding this claim should be addressed to me at: Federal Bureau of Prisons, Northeast Regional Office, Room 801, US Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106. If you have any questions about the status of your claim or if the circumstances surrounding this claim change in any fashion, you should contact me immediately. Also, should your address change, you should advise me accordingly.

Sincerely,

Henry J. Sadowski
Regional Counsel

cc: File

EX "J"

6

Coster v. Harrell Watts et al   #03-25   Erire

### Certificate of filing and Service

    I, Tony Coster  hereby certify that I caused Plaintiff's Motion to Reopen Judgment to (1) be filed with the District Court Clerk and (2) an original copy to be serrved via prepaid postage, firstclass mail by depositing in the Inmate Legalbox on the below date, upon AUSA Fitzgerald at 700 Grant  Street  Pittsburgh PA 15219, under penalty of perjury 28 USC §1746.

executed on this 20TH day of September 2005

by: _____
       Tony Coster