**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TONY COSTER, | ) | |
| | ) | |
| Pro Se Plaintiff, | ) | Civil Action No. 03-25E |
| | ) | |
| v. | ) | Hon. Sean McLaughlin |
| | ) | United States District Judge |
| HARRELL WATTS, et al., | ) | |
| | ) | Hon. Susan Paradise Baxter |
| Defendant. | ) | United States Magistrate Judge |
| | ) | |
| | ) | ELECTRONICALLY FILED |

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO OPEN JUDGMENT**

Defendants, Harrell Watts, et al., by their attorneys, Mary
Beth Buchanan, United States Attorney for the Western District of
Pennsylvania, and Paul D. Kovac, Assistant United States Attorney
for the district, and pursuant to this Court's Order dated
September 28, 2005, submit this Response and Brief in Opposition
to "Plaintiff's Motion to Open Judgment."

**BACKGROUND**

Pro se Plaintiff, Tony Coster, initiated this case by filing
a "Civil Rights Complaint With A Jury Demand" with this Court on
January 21, 2003.  Docket No. 5.  This Complaint was filed
pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents of
the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Bivens) and
essentially alleges that Defendants were deliberately indifferent
to his need for medical care by delaying surgery for an inguinal
hernia condition.  See Complaint at p. 1 (Jurisdictional
statement); Plaintiff's Motion in Opposition to Defendants'

Motion for Summary Judgment at 3.  Plaintiff also characterizes his claim as one involving negligence and medical malpractice. However, nowhere in Plaintiff's Complaint does he specifically assert jurisdiction under the Federal Tort Claims Act (FTCA) statute.  Indeed, the FTCA is never even mentioned in his Complaint.

On March 26, 2003, Plaintiff filed a Motion to Amend His Complaint (Docket No. 9), requesting to add the Bureau of Prisons (BOP) as a Defendant and claiming that the BOP was "ultimately responsible" for the actions of its employees.  Motion to Amend at 9.  Although Plaintiff again uses terms such as "negligence" and "medical malpractice," these terms are used in the context of his deliberate indifference allegations, and nowhere in this motion does Plaintiff mention the FTCA or allege jurisdiction under that statute.[1]

On June 2, 2004, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  Docket No. 29. Defendants' Motion focuses upon dismissing Plaintiff's <u>Bivens</u> claims.  However, out of an abundance of caution and given the liberal reading of pleadings filed by <u>pro</u> <u>se</u> litigants, Defendants submitted a jurisdictional argument to dismiss any

---

[1]  It appears that Plaintiff has attempted to file two other Motions to Amend Complaint for the purposes of including additional defendants.  <u>See</u> Docket No. 35 (motion filed on 9/1/2004) and Docket No. 39 (motion filed on 10/12/2004).

perceived FTCA claim in this case on the ground that Plaintiff
failed to exhaust administrative remedies prior to filing in
Federal Court.  Docket No. 29 at 15-16.  On June 28, 2004,
Plaintiff filed a Motion in Opposition to Defendant's Motion for
Summary Judgment.  Docket No. 34.  Despite Defendants' arguments
concerning exhaustion and the FTCA, Plaintiff reiterated the
jurisdictional basis of his claim by stating:

> Plaintiff's Complaint, filed by a pro se
> federal inmate asserts claims pursuant to
> 42 U.S.C.A. 1983, and this complaint could
> also be read to include a claim under
> Bivens v. Six Unknown Agents of the Federal
> Bureau of Narcotics, 403 U.S. 388 (1971).

Motion in Opposition to Defendant's Motion for Summary Judgment
at 2-3 (emphasis in original).  Plaintiff dedicated the majority
of his opposition to arguing issues best interpreted as
"deliberate indifference" or Bivens-type claims.  In response to
Defendants' FTCA jurisdictional arguments, Plaintiff merely
submitted a one-sentence conclusory response stating that he did
exhaust administrative remedies.  Id. at 7.  Nowhere in this
response does Plaintiff mention the FTCA or specifically allege
jurisdiction under that statute.

    On February 24, 2005, Magistrate Judge Baxter issued a
Report and Recommendation (Magistrate Judge's R & R) properly
recommending that Plaintiff's Motion to Dismiss or for Summary
Judgment be granted and that Plaintiff's Motion to Amend the

Complaint to include new parties be denied.  The Magistrate
Judge's R & R interpreted this case as a <u>Bivens</u> action.  On
March 14, 2005, Plaintiff filed objections to the Magistrate
Judge's R & R, again stating that his case was brought pursuant
to 42 U.S.C. § 1983 and <u>Bivens</u>, and again, never mentioning the
FTCA or jurisdiction under that statute.  Docket No. 44.

On March 18, 2005, this Court entered an Order adopting the
Magistrate Judge's R & R and granting Defendants' Motion to
Dismiss this case.  Neither the Magistrate Judge's R & R nor this
Court's Order adopting it discusses the FTCA or interprets
Plaintiff's Complaint as fairly embracing issues raised pursuant
to this statute.

On March 28, 2005, Plaintiff filed a Notice of Appeal with
the United States Court of Appeals for the Third Circuit.  Docket
No. 46.  However, Plaintiff later filed a Motion to Dismiss his
appeal pursuant to Federal Rule of Appellate Procedure 42(b).
The Motion was granted on May 18, 2005.  Exhibit (Ex.) A; <u>see
also</u> Motion to Reopen Judgment at ¶ 5 (stating that his appeal
"was filed by mistake").

On September 26, 2005, Plaintiff filed the instant Motion to
Open Judgment.  He argues that the case should be reopened
pursuant to Fed. R. Civ. P. 60(b) because the Court never
addressed his FTCA claim.  Plaintiff blames this alleged
"oversight" on Government deception, manipulation, and fraudulent

4

misrepresentation to the Court.  Plaintiff requests that the judgment be "vacated, discovery permitted and [a] new trial schedule established."  Motion to Open Judgment at 4.

## ARGUMENT

### I.    Rule 60(b) Motions - General Principles

Pursuant to Federal Rule of Civil Procedure 60(b), a party may reopen a prior proceeding on grounds of mistake, newly discovered evidence, fraud, or any reason that would "justif[y] relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(1-3), (6).  It is well-settled that Rule 60(b) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  John E. Smith's Sons Co. v. Lattiner Foundry & Machine Co., 239 F.2d 815, 817 (3d Cir. 1956); see also Stradley v. Cortez, 518 F.2d 488 (3d Cir. 1975).  A motion pursuant to Rule 60(b)(6)'s catch-all provision imposes a higher standard of extraordinary circumstances.  Ackerman v. United States, 340 U.S. 193, 199 (1950); Esposito v. Ashcroft, 288 F. Supp.2d 292, 295 (E.D.N.Y. 2003).  The principal purpose of Rule 60(b) is to deal with unforeseen contingencies and "sufficient evidence of circumstances so exceptional that our overriding interest in the finality and repose of judgments may properly be overcome."  See Mayberry v. Maroney, 558 F.2d 1159, 1164 (3d Cir. 1977); In re Durkalec, 21 B.R. 618 (E.D. Pa. 1982).  Moreover, "[a] motion for relief under Rule 60(b) is directed to

the sound discretion of the Court." <u>Scott v. United States</u>
<u>Environmental Protection Agency</u>, 185 F.R.D. 202, 206 (E.D. Pa.
1999).

There are also time deadlines to consider prior to accepting
a Rule 60(b) motion.  A motion filed under Rule 60(b)(1), (2), or
(3) must be made not more than one year after the entry of final
judgment.  Fed. R. Civ. P. 60(b).  An appeal does not toll this
time period.  <u>Moolenaar v. Government of the Virgin Islands</u>, 822
F.2d 1342, 1346 fn. 5 (3d Cir. 1987); <u>Stradley v. Cortez</u>, 518
F.2d 488, 493 (3d Cir. 1975).  A motion filed under Rule 60(b)(6)
must be "made within a reasonable time."

Here, Plaintiff does not indicate which subsection of Rule
60(b) that he is attempting to invoke.  However, given the fact
that Plaintiff has accused the Government of "fraud" and
"misrepresentation," it appears that this motion has invoked Rule
60(b)(3).  Motion to Reopen at 2-4.

## II.  An FTCA Claim Was Never Fairly Raised By This Pro Se Plaintiff.

The gravamen of Plaintiff's Motion focuses upon the
allegation that this Court issued its decision "without
addressing the Tort Claim."  Plaintiff blames this alleged
"oversight" on the Government, claiming that it fraudulently
misrepresented the issues in this case before the Court.  For the
reasons stated below, Plaintiff's claim is without merit and

certainly does not constitute the "extraordinary" circumstances needed to grant a Rule 60(b) motion.

In his Rule 60(b) Motion, Plaintiff, for the first time, has alleged jurisdiction under the "Tort Claims Act." Prior to this Motion, Plaintiff never represented to the Court that his claims were specifically brought pursuant to the FTCA. He never mentioned the FTCA or jurisdiction under that statute in his Complaint or Motion to Amend the Complaint. In their Motion to Dismiss, Defendants raised the possibility that Plaintiff's Complaint could be considered as an action under the FTCA and submitted administrative exhaustion arguments to defeat any such perception. However, even after receiving this information, Plaintiff, in his opposition to the Motion to Dismiss, never asserted FTCA jurisdiction or indicated that his claim was being brought pursuant to this statute. Indeed, Plaintiff simply reiterated his same jurisdictional position, stating that his Complaint is filed pursuant to 42 U.S.C. § 1983 and <u>Bivens</u>. <u>See</u> Motion in Opposition to Defendants' Motion for Summary Judgment at 2-3. Accordingly, the Court properly considered this action as a <u>Bivens</u> case that raised "deliberate indifference" allegations. Consideration of the claim in this manner apparently did not bother Plaintiff when he filed objections to the Magistrate Judge's R & R because Plaintiff never raised this FTCA jurisdictional issue in these objections and simply

reiterated the same jurisdictional position that he had taken throughout the case (i.e. jurisdiction pursuant to 42 U.S.C. § 1983 and Bivens).

Additionally, there is no evidence that the Government misrepresented its case before this Court.  The Government is mindful of the liberal interpretation given the pleadings of pro se litigants.  As a result and out of an abundance of caution, it was the Government that highlighted the possibility that Plaintiff's Complaint might be interpreted as raising an FTCA claim.  See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.  Because this argument did not receive specific mention by Plaintiff or the Court, the Government reasonably concluded that FTCA jurisdiction was never being implicated or fairly embraced by Plaintiff's pleadings.

It is true that Plaintiff's Complaint and other pleadings before this Court use terms such as "negligence" and "medical malpractice."  However, these terms are used in the context of Plaintiff's deliberate indifference allegations, and given the continued assertions of jurisdiction pursuant to 42 U.S.C. § 1983 and Bivens - and without any specific mention of the FTCA - it is reasonable to conclude that an FTCA action was never fairly raised.  Although pro se pleadings are construed liberally, this does not mean that the Court is required to assume the role of advocate for a pro se litigant and divine every possible

8

jurisdictional interpretation of pleadings for the pro se litigant's benefit.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of these issues."); Hooks v. Army and Air Force Exchange Servc., 944 F. Supp. 503, 506 (N.D. Tex. 1996) ("Although pro se pleadings are to be treated liberally, 'the burden remains on a plaintiff to show that the court's limited federal jurisdiction has been properly invoked.'") (quoting Walker v. United States, 471 F. Supp. 38, 40 [M.D. Fla. 1978]). Accordingly, the pleadings in this case were fairly interpreted by this Court as a Bivens action.  Therefore, Plaintiff's Motion to Reopen this case for the Court to address his recently clarified FTCA claim should be denied.

III.  **Assuming An FTCA Claim Was Raised, The Evidence Clearly Supports The Government's Argument That Plaintiff Failed To Exhaust Administrative Remedies**.

Even assuming that Plaintiff's pleadings are interpreted as properly raising a claim pursuant to the FTCA, this Court would have no jurisdiction to entertain such an action.  In this regard, Defendants' argument that Plaintiff failed to properly exhaust administrative remedies still rings true.

In a letter dated November 26, 2003, the Northeast Regional Counsel Office of the BOP acknowledged receipt of Plaintiff's administrative tort claim dated November 14, 2003. Ex. B. However, the claim was rejected because it did not contain any allegations against employees of the BOP. Id. On December 8, 2003, the Northeast Regional Counsel's Office received Plaintiff's resubmitted tort claim, which was corrected by Plaintiff and accepted by the BOP. Ex. C. Under the provisions of the FTCA, the BOP has six months from the date of filing to adjudicate Plaintiff's tort claim. 28 U.S.C. § 2675; see also 28 C.F.R. § 543.32(i). Thus, the BOP's answer to Plaintiff's tort claim was due no later than June 5, 2004. The BOP officially denied Plaintiff's administrative tort claim on May 10, 2004. Ex. D. However, prior to receiving this denial, Plaintiff filed the instant Federal Court action on January 21, 2003. Docket No. 5. Accordingly, because Plaintiff did not wait the appropriate six-month time period for the BOP's determination of his administrative claim, Plaintiff did not fully exhaust his administrative remedies.[2] As this Court is well-aware, the failure to properly exhaust administrative remedies prior to filing a Federal Court action is a jurisdictional defect barring

---

[2] See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). The requirement that the administrative claim be finally denied prior to filing in district court "is jurisdictional and cannot be waived." Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.), cert. denied, 464 U.S. 864 (1983).

this Court from entertaining any perceived action under the FTCA.
See 28 U.S.C. § 2675; McNeil v. United States, 508 U.S. 106, 113
(1993) (FTCA suits are jurisdictionally barred absent exhaustion
of administrative remedies); Plyler v. United States, 900 F.2d 41
(4th Cir. 1990) (court was without jurisdiction under Section
2675(a) where the action was filed in district court before the
full expiration of the six months); see also Gregory v. Mitchell,
634 F.2d 199 (5th Cir. 1981) (fact that by time of appeal the
six-month period specified in the FTCA for agency disposition had
expired did not confer jurisdiction where action was filed prior
to expiration of the six-month period, as jurisdiction must exist
at time the complaint is filed).

    Therefore, even if the pleadings were interpreted as
reasonably raising an FTCA claim, Plaintiff still could not
prevail.  Moreover, the Government's arguments concerning
Plaintiff's failure to exhaust administrative remedies were
entirely correct, and there is no evidence of fraud or
misrepresentation that supports the reopening of this case
pursuant to Rule 60(b)(3).  Plaintiff's Motion should therefore
be denied.

<div style="margin-left:40%">

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Paul D. Kovac
Assistant U.S. Attorney
Western District of PA
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7489

</div>

Dated:  October 5, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2005, a true and correct copy of the within "Defendants' Response and Brief in Opposition to Plaintiff's Motion to Open Judgment" was electronically filed and/or served by postage-paid U.S. Mail, to and upon the following:

> Tony Coster
> Plaintiff Pro Se
> Reg. No. 31805-060
> FMC Rochester
> Post Office Box 4600
> Rochester, MN 55903-4600

> s/Paul D. Kovac
> PAUL D. KOVAC
> Assistant U.S. Attorney